IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARCELLUS PORTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | NO. 3:22-cv-00910 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Pending before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1), supplemental motions to vacate, set aside, or correct his sentence (Doc. Nos. 6, 8), motion to ascertain status (Doc. No. 7), motion to appoint counsel (Doc. No. 9), and the Government's Response (Doc. No. 10). For the reasons stated below, Petitioner's Motions (Doc. Nos. 1, 6, 7, 8, 9) will be **DENIED**.

### I. BACKGROUND

In February 2020, Petitioner pled guilty to Count 2 of the Indictment for distribution of cocaine within 1000 feet of a public housing development. (Doc. No. 65 in Case No. 3:18-cr-00213-1). The Plea Agreement entered into by the parties provides that "[t]he parties have no agreement as to Defendant's final/total offense level, nor to his Criminal History Category. Each party is free to recommend whatever sentence it believes is appropriate." (*Id.* at PageID # 123). The plea agreement also states that:

> Assuming Defendant clearly demonstrates acceptance of responsibility to the satisfaction of the government through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming Defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b), because Defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the

government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

(*Id.* at PageID # 123). At Petitioner's plea hearing on February 14, 2020, the Court asked Petitioner whether his lawyer had discussed with him "any possible defenses" that he may have. (Doc. No. 128 at PageID # 1263 in Case No. 3:18-cr-00213-1). Petitioner responded "[y]es, sir." (*Id.*) The Court also asked Petitioner if he was satisfied with his lawyer, to which Petitioner responded "[y]es, sir." (*Id.*) When asked whether he had any complaints about his lawyer, Petitioner responded, "[n]o, sir." (*Id.*) The Court asked Petitioner whether he had the opportunity to go over his plea agreement with his lawyer and if his lawyer answered his questions, and Petitioner responded that he did. (*Id.* at PageID # 1268). Petitioner confirmed that he understood that on the basis of a guilty plea, he could receive up to the maximum sentence permitted by law and no one could guarantee what sentence he would receive. (*Id.* at PageID # 1265).

On May 28, 2021, while awaiting sentencing, Petitioner was arrested and charged with resisting arrest, unlawful possession of a weapon, possession of oxycodone, possession of cocaine, possession of hydrocodone, simple possession or casual exchange, possession of a firearm during commission of a dangerous felony, driving under the influence, unlawful drug paraphernalia uses and activities, and possession of heroin. (Doc. No. 130 at PageID # 1366 in Case No. 3:18-cr-00213-1).

Petitioner's presentence report ("PSR") included an adjusted offense level of 27. (Doc. No. 130 at PageID # 1352 in Case No. 3:18-cr-00213-1). However, the PSR provided that Petitioner qualified as a Career Offender, which resulted in an enhanced offense level of 34.

Petitioner was sentenced on November 12, 2021. At the sentencing hearing, Petitioner's counsel moved for downward departures based on Petitioner's mental and emotional conditions and allegedly over-represented criminal history. The Court declined to impose the departure

requested by Defendants but found that a downward variance was warranted based on Petitioner's traumatic childhood experiences and mental health and addiction issues. (Doc. No. 129 at PageID # 1327, 1330 in Case No. 3:18-cr-00213-1). Accordingly, the Court sentenced Petitioner to 130 months, which represented a downward variance from the advisory guidelines range and was at the low end of Petitioner's non-Career Offender advisory guidelines range. (Doc. No. 120 at PageID # 1211 in Case No. 3:18-cr-00213-1).

At Petitioner's sentencing hearing, the Court asked Petitioner whether he had "read every page and every line" of his PSR, gone over it with his lawyer, whether his lawyer had answered all of his questions, and whether Petitioner was satisfied with the representation of his lawyer. (Doc. No. 129 in Case No. 3:18-cr-00213-1). Petitioner responded "[y]es, sir" to each question. (*Id.*). Prior to sentencing, Petitioner's counsel filed Petitioner's Sentencing Petition, which provided that Petitioner had reviewed the PSR and did not have any objections. (Doc. No. 109 in Case No. 3:18-cr-00213-1). At the sentencing hearing, the Court asked Petitioner whether he had seen the sentencing documents – including the revised PSR, the Government's position on the PSR, the Government's sentencing memorandum, Petitioner's position regarding the PSR, Petitioner's sentencing memorandum, and the Government's supplemental sentencing memorandum – before the hearing. (Doc. No. 129, in Case No. 3:18-cr-00213-1). Petitioner responded, "[y]es, sir." (*Id.*).

Petitioner brings claims under 28 U.S.C. § 2255 for ineffective assistance of counsel and misapplication of advisory guidelines. Specifically, Petitioner argues that his lawyer: (1) failed to file a motion to suppress as requested by Petitioner; (2) told Petitioner to plead guilty; (3) informed Petitioner that he would receive a 3 point reduction for taking responsibility, would get no more than 18 months in custody, and would get a downward departure for his criminal history; (4) failed

3

to go over the PSR with him one on one; (5) "denied [Petitioner] [his] rights for a noticed [sic] of a direct appeal"; and (6) did not answer Petitioner's phone calls after sentencing. (Doc. No. 1 at PageID # 7).

With regard to his claims regarding misapplication of the guidelines, Petitioner argues that: (1) he qualified for a downward departure due to his mental and emotional conditions; (2) his offense level was improperly enhanced 2 levels for possession of a firearm even though he was not charged or convicted for possessing a firearm; (3) he should have received a 3 level reduction for acceptance of responsibility; and (4) he should have received a downward departure for his criminal history.

## II. LEGAL STANDARD

Petitioner brings this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a Section 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that Petitioner is not

4

Case 3:22-cv-00910 Document 11 Filed 11/21/24 Page 4 of 8 PageID #: 84

entitled to relief. 28 U.S.C. § 2255(b); *Ray*, 721 F.3d at 761; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Monea v. United States*, 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)).

### III. ANALYSIS

**A. Motion to Appoint Counsel**

Petitioner's motion to appoint counsel (Doc. No. 9) is denied, as the Court is not persuaded that the appointment of counsel is warranted in this matter. *See* 18 U.S.C. § 3006A(a)(2)(B); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (the decision to appoint counsel for a federal habeas petitioner is within the discretion of the court).

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, the burden is on Petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice resulted from the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011); *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 466 U.S. at 669; *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In order to establish prejudice, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result

5

of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* at 669.

Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing on Petitioner's claim for ineffective assistance of counsel because disposition of Petitioner's claims are contradicted by the record, which shows that Petitioner's counsel diligently represented him. Counsel for Petitioner secured Petitioner's release on bond and, when Petitioner violated his terms of pretrial release, secured Petitioner placement at a residential treatment facility and moved the Court to allow Petitioner to attend the treatment, which the Court granted. (Doc. Nos. 25, 34). Counsel for Petitioner also moved the Court – both in his sentencing memorandum and at the sentencing hearing – for a downward variance based on Petitioner's mental and emotional conditions, his position that Petitioner's criminal history was overrepresented, and Petitioner's traumatic childhood experiences. (Doc. No. 112, Doc. No. 129). Indeed, the Court granted a downward variance based on these factors. Thus, the record contradicts Petitioner's claim that his counsel provided ineffective assistance.

Moreover, the Court finds that the record contradicts Petitioner's claims that his attorney told Petitioner to plead guilty on the basis that Petitioner would receive a 3-point reduction for taking responsibility, would get no more than 18 months in custody, or would get a downward departure for his criminal history. The record also contradicts Petitioner's claim that his counsel failed to go over the PSR with him one on one. The Government submitted an affidavit of Petitioner's counsel in which counsel for Petitioner states that he had "numerous discussions" with Petitioner regarding his PSR and that Petitioner was well-advised of the PSR before sentencing. (Doc. No. 10-1 at PageID # 80). Petitioner also informed the Court at the sentencing hearing that

6

he had read the PSR in its entirety, gone over it with his lawyer, and his lawyer had answered all of his questions. (Doc. No. 129 in Case No. 3:18-cr-00213-1).

The record also shows that at the plea hearing, Petitioner stated under oath that no promises had been made to him other than what was contained in the plea agreement. Petitioner stated under oath that he understood that no one could guarantee him what sentence he would get from the Court. (Doc. No. 128 at PageID # 1265). The Court also informed Petitioner that the parties did not have any agreement as to Petitioner's final offense level or criminal history. (Doc. No. 128 at PageID # 1269).

Where, as here, a Court follows the Rule 11 colloquy procedures, absent an allegation of threat or coercion, defendants are bound by their averments in the colloquy. *See Baker v. United States*, 781 F.2d 85 (6th Cir. 1986); *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (holding that a guilty plea colloquy cures any potential misleading information by defense counsel, denying a § 2255 claim on inconsistent information). Petitioner's failure to request to withdraw his guilty plea at the plea hearing or when the Court imposed his sentence, despite the multiple opportunities to address the Court, also demonstrates that no promise existed. As does Petitioner's nearly 12-month delay in filing his pending motion.

The Court also finds that Petitioner has failed to show that his counsel's decision not to file a motion to suppress fell below an objective standard of reasonableness. With respect to Petitioner's claim regarding filing an appeal, counsel for Petitioner explains that after discussions with Petitioner, it was decided not to appeal Petitioner's sentence as the Court sentenced Petitioner to a sentence below the guidelines. (Doc. No. 10-1 at PageID # 80). Moreover, Petitioner does not argue that he asked his attorney to file an appeal.

Accordingly, Petitioner has not shown that his counsel's performance fell below an objective standard of reasonableness or that he suffered prejudice.

**C. Misapplication of the Guidelines**

Petitioner also brings claims regarding misapplication of the advisory guidelines. The Sixth Circuit's ruling in *Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019) and *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) recognize that claims regarding misapplication of the advisory guidelines are not cognizable in a Section 2255 petition. *Bullard v. United States*, 937 F.3d 654, 660 (6th Cir. 2019) (internal citation omitted) ("[a] misapplication-of-an-advisory-guidelines-range claim is ... not cognizable under § 2255."); *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) ("We note that, although not without dissent, every other court of appeals to have looked at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations."). Accordingly, Petitioner's claims for misapplication of the advisory guidelines are not cognizable under Section 2255.

## IV. CONCLUSION

For the foregoing reasons, Petitioner has not shown deficient performance by his attorney, or any prejudice based on his attorney's representation. Moreover, Petitioner's claims for misapplication of the advisory guidelines are not cognizable under Section 2255.

Accordingly, Petitioner's motions (Doc. Nos. 1, 6, 8, 9) will be **DENIED**, and this action **DISMISSED**. Petitioner's motion to ascertain status (Doc. No. 7) is **DENIED** as moot.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE